**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Hillman Group, Inc., ) | No. CVO7-2446-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Hy-Ko Products Company, ) | |
| Defendant. ) | |

Defendant Hy-Ko Products has filed a motion to dismiss for lack of personal jurisdiction (Doc. #6). Plaintiff Hillman Group argues that Defendant has sufficient contacts with Arizona to support general jurisdiction over Defendant in Arizona. On the present record, the Court is not inclined to agree with Plaintiff.

Plaintiff has suggested that if the Court does not find jurisdiction on the present record, the Court should allow limited jurisdictional discovery. Plaintiff does not cite to any cases for that proposition. Nor does Plaintiff offer a plan for the timing and scope of the jurisdiction.

The Court on its own research found a case supporting Plaintiff's argument for limited discovery. *See Trnitec Indus. v. Pedre Promotional Products*, 395 F.3d 1275, 1283 (Fed.Cir. 2005)("If the district court concludes that the existing record is insufficient to support personal jurisdiction, [plaintiff] is entitled to jurisdictional discovery. Such discovery is appropriate where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through

discovery.'")(internal citations omitted). The Court therefore will allow limited discovery strictly on personal jurisdiction as follows:

IT IS ORDERED that Plaintiff shall be limited to ten (10) interrogatories, ten (10) requests for production, and five depositions on the issue of personal jurisdiction.

IT IS FURTHER ORDERED that Defendant shall have no more than fifteen (15) days to respond to interrogatories and requests for production. Plaintiff must propound its discovery requests in time for Defendant to respond by June 25, 2008. Further, any depositions must be taken by July 7, 2008. In sum, all discovery on the limited issue of personal jurisdiction must be completed by July 7, 2008. The Court will not grant any extensions.

IT IS FURTHER ORDERED that in the event of a discovery dispute, the parties shall jointly contact the Court via conference call to request a telephonic conference prior to filing any written discovery motions. The parties shall not contact the Court regarding a discovery dispute unless they have been unable to resolve the dispute themselves after personal consultation and sincere efforts to do so. The parties shall not file any written materials related to a discovery dispute without express leave of Court. If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Civil Local Rule 7.2(j). The parties must raise any discovery disputes in adequate time for the Court to consider and resolve the dispute before the discovery deadline.

IT IS FURTHER ORDERED that Plaintiff shall file its supplemental briefing on personal jurisdiction by July 14, 2008. Defendant shall file its supplemental response by July 21, 2008. Neither brief shall exceed ten (10) pages. The Court will not grant any extensions of time or requests for additional briefing.

DATED this 5th day of June, 2008.

James A. Teilborg
United States District Judge