**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| The Hillman Group, Inc., | No. CV 07-2446-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. |  |
| Hy-Ko Products Company, |  |
| Defendant. |  |

Pending before the Court is Hillman's Motion to Seal (Doc. #40) its supplemental brief.[1] The reason offered for sealing the supplemental brief is that Hillman signed a proposed protective order, which Hy-Ko had not filed with the Court by the time Hillman's supplemental brief was due, and in an effort to comply with the proposed protective order, Hillman was seeking to file under seal because Hillman was attaching documents Hy-Ko had designated as "confidential" or "attorney's eyes only." While Hy-Ko has now filed the parties' proposed protective order, this filing is too late. Had Hy-Ko filed this proposed protective order sooner, it would have learned that this Court does not permit parties to file documents under seal merely based on a protective order. This Court does not permit this practice because routinely filing under seal without a particularized showing violates Ninth Circuit case law.

---

[1] There is also a motion to seal at Doc. #39, but it contains the wrong attachment and will be stricken.

1       The Ninth Circuit Court of Appeals has made clear that dispositive motions should not be filed under seal unless "compelling reasons" can be shown by the party seeking to file under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Non-dispositive motions require a "good cause" showing. *Id.* at 1180. Moreover, the party seeking to seal the document must make a particularized showing with respect to each individual document. *San Jose Mercury News, Inc. v. U.S. District Court - - Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Based on this standard, it would be highly unlikely that any party could ever justify sealing an entire brief, including the law and the party's argument.

In this case, the moving party has made no showing, particularized or otherwise, which would justify keeping the lodged supplemental brief under seal. However, the Court notes that despite Hillman being the filer, it is really Hy-Ko who presumably would want to keep the document out of the public record. Had the parties sought the Court's approval of their protective order prior to their filing deadline, the Court may have been able to find a way to permit Hy-Ko to attempt to make the necessary showing with respect to Hillman's filing. However, the parties failed to timely seek Court approval.

Accordingly, there being no protective order in place, and neither party having made any showing for filing under seal,

IT IS ORDERED that the motion to seal (Doc. #40) is denied, the Clerk of the Court shall file into the public record the lodged supplemental brief (currently lodged at Doc. #41) — the supplemental brief shall not be filed under seal.

IT IS FURTHER ORDERED that the misfiled document at Doc. #39 is stricken.

DATED this 16th day of July, 2008.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge